

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Guy Turner
County Auditor
Denton, Texas

Dear Sir:

> Opinion No. O-1485
> Re: Are scrip warrants eligible
> to participate in the Lateral
> Road Fund Account?

Your request for an opinion on the above stated question has been received by this Department.

We quote from your letter as follows:

"These warrants were issued on the Road & Bridge Fund prior to Jan. 2, 1939 in payment of right-of-way on State highways. They were issued to the parties owning the land, the Denton County National Bank took up the warrants and are now holding them, they are drawing 5% interest."

Section h of Article 6674q-7, Vernon's Civil Statutes, reads in part as follows:

"On September 1st of each year after the Board has paid off and discharged all eligible obligations maturing during the preceding fiscal year, together with the interest on such obligations and the sinking fund requirements accruing thereon, out of the County and District Highway Fund, any surplus remaining in said Fund over and above Three Million Dollars ($3,000,000) which shall be carried forward as working capital or as a revolving fund shall be set aside and credited to an account which shall be known as 'Lateral Road Account,' provided, however, all money on deposit with the State Treasurer in the County and Road District Highway Fund at the close of the day of August 31, 1939, shall be

Honorable Guy Turner, Page 2

held, used and applied exclusive to the payment
of principal, interest and sinking fund require-
ments on indebtedness constituting eligible ob-
ligations under Chapter 13, Acts, Third Called
Session of the Forty-second Legislature and
amendments thereto in effect at the time this
Act becomes effective.

"As soon as practicable after the passage
of this Act and before the Lateral Road Account
is allocated to the counties, the Board shall
determine the amount each county and each de-
fined road district has paid since January 1,
1933, under the provisions of Chapter 13, Acts
of the Third Called Session of the Forty-second
Legislature, as amended, toward its debt service
upon bonds which at the time of payment were
eligible to participate in the County and Road
District Highway Fund, and shall deduct from the
amount paid by such county or defined road dis-
trict any and all advancements made by the Board
to such county or defined road district in ad-
justing, refunding or prepaying the eligible ob-
ligations of such county or defined road district,
and after making such deductions, the Board shall
credit the Lateral Road Account of each county or
defined road district with the net balance con-
tributed by such county or road district toward
the retirement of said eligible obligations and
said funds so credited to any county or defined
road district may be used or expended by the coun-
ties and defined road district for the purposes
authorized in this section.

"Not later than September 15th of each year
the said Board shall ascertain the exact amount
of money which has been allocated to the said
Lateral Road Account for such fiscal year and which
at that time is available. The Board shall allo-
cate to each county its proportionate part of the
monies in said Lateral Road Account, which allo-
cation shall be determined in the following manner:

"* * *

"The monies allocated to each county from
the Lateral Road Account shall be used by said
county first for paying the principal, interest

Honorable Guy Turner, Page 3

and sinking fund requirements maturing during the fiscal year for which such money was allocated to such county on bonds, warrants and other legal obligations issued prior to January 2, 1939, the proceeds of which were actually expended in acquiring rights of way for State designated highways, it being the intention of the Legislature to designate and set apart sufficient money to pay off and discharge said outstanding obligations incurred for right of way acquisition. Funds remaining in the Lateral Road Fund of any county after the payment of said right of way obligations may be used by the county, under the direction of the Commissioners Court, for any one or all of the following purposes: (a) for the acquisition of rights of way for county lateral roads and for the payment of legal obligations incurred therefor prior to January 2, 1939, (b) for the construction or improvement of county lateral roads, (c) for paying the principal, interest and sinking fund requirements of any bonds or warrants which were legally issued by such county or Road District prior to January 2, 1939, the proceeds of which were actually expended in the construction or improvement of lateral county roads, (d) for the purpose of supplementing funds appropriated by the United States Government for Works Progress Administration highway construction, Public Works Administration highway construction, and such other grants of Federal funds as may be made available to the counties of this State for county lateral road construction, and (e) for the purpose of cooperating with the State Highway Department and the Federal Government in the construction of farm-to-market roads.

"After such allocation has been made to the several counties in the State, the Board shall in writing notify the Chairman of the Commissioners Court of each county of the amount which has been credited to that county. After receiving said notice, the Commissioners Court shall, within sixty days, notify the Board of the manner in which it has exercised its option as to the one or more specified uses of said money permitted under this Act." * * *

Chapter 13, Acts, Third Called Session of the Forty-second Legislature and amendments thereto are acts acknowledg-

355

Honorable Guy Turner, Page 4


ing the legal, moral and implied obligation of the State
to compensate and reimburse the counties and defined road
districts for expenditures on highways now and heretofore
constituting a part of the system of State highways, cre-
ating the county and road district highway fund, creat-
ing and defining the powers and duties of the Board of
County and District Road Indebtedness, prescribing the
nature of the obligations of the counties and road dis-
tricts that are eligible for payment under the terms of
the Act, and setting forth other provisions we do not deem
necessary to state here.

In view of the foregoing statutes and facts stated
in your inquiry you are respectfully advised that it is the
opinion of this Department that your question should be an-
swered in the affirmative and is so answered, provided the
scrip warrants to which you refer when issued did not exceed
any constitutional or statutory limitation.

Trusting that the foregoing fully answers your
inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:LM

APPROVED OCT 23, 1939

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION